UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| OBSIDIAN SPECIALTY INSURANCE COMPANY, INC., <br> *Plaintiff* <br><br> VS. <br><br> U A INC D/B/A/ USA AIR SAN ANTONIO, <br> *Defendant.* | § § § § § § § § § § § § § CIVIL ACTION NO. 5:23-CV-1496 |

### PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff OBSIDIAN SPECIALTY INSURANCE COMPANY, INC. (hereinafter "OSIC"), files this Complaint for Declaratory Judgment against Defendant U A INC D/B/A/ USA AIR SAN ANTONIO (hereinafter "UA"), and would respectfully show the Court as follows:

### NATURE OF THE SUIT

1.  This is a declaratory judgment action, based on diversity jurisdiction, whereby OSIC seeks a declaration of legal rights concerning coverage under a commercial general liability policy issued by OSIC to UA. This action seeks to determine if there is coverage under OSIC's Policy for UA arising out of a lawsuit brought by Puresol Products & Spa, LLC ("Puresol"), which essentially alleges UA negligently provided heating, ventilation, and air conditioning ("HVAC") services at the property where Puresol operates a spa business, resulting in a fire and property damage. Specifically, OSIC seeks a judicial declaration that OSIC has no duty to defend or indemnify UA in the lawsuit styled Cause

1

No. 23-015; *Puresol Products & Spa, LLC, v. U A INC d/b/a USA Air San Antonio*; in the District Court of Kendall County, Texas, 451st Judicial District (the "Underlying Lawsuit").

## PARTIES

2. Plaintiff Obsidian Specialty Insurance Company, Inc., is a corporation formed under the laws of the State of Delaware, with its principal place of business at 1330 Avenue of the Americas Suite 23A, New York, New York 10019. Therefore, Plaintiff OSIC is a citizen of the states of Delaware and New York for purposes of diversity jurisdiction.

3. Defendant U A INC D/B/A/ USA Air San Antonia is a corporation formed under the laws of the state of Texas with a principal place of business at 11901 Fieldcrest Run, San Antonio, Texas 78253. Therefore, Defendant UA is a citizen of the state of Texas for purposes of diversity jurisdiction.

## JURISDICTION & VENUE

4. This Court has jurisdiction pursuant to diversity jurisdiction, 28 U.S.C. § 1332, for civil actions between citizens of different states.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) because the defendant has its principal place of business within this District and within this Division. Alternatively, the events that gave rise to this claim occurred in this District and within this Division.

## FACTUAL BACKGROUND

6. This action arises out of a present controversy between OSIC and UA regarding the duties of OSIC to defend or indemnify UA from Puresol's claims in the Underlying Lawsuit.

7. The Underlying Lawsuit alleges that Puresol is a "day spa business" that provides "day spa services such as massage, body, and facial treatments" at the Tapatio Springs Hill Country Resort, located at 1 Resort Way, Boerne, Texas 78006 (the "Property"). The Underlying Lawsuit further alleges that UA was contracted by the Property structure owner to perform HVAC services to the roof top units at the Property. On or about 8:15pm on June 20, 2022, a fire allegedly occurred at the Property where UA was "present and working on the property," causing property damage. As a result, the Underlying Lawsuit has asserted causes of action against UA for negligence and negligence per se for failure to provide its HVAC work in accordance with statutory and common law.

8. OSIC is currently defending UA in the Underlying Lawsuit under a full and complete reservation of rights.

## THE INSURANCE POLICIES

9. OSIC issued a commercial general liability policy to UA, numbered SCB-GL-000004528, with an effective policy period from March 22, 2022, through March 22, 2023 (the "Policy"). Each of the Policy's provisions discussed below independently exclude OSIC from any duty to defend and indemnify UA in the Underlying Lawsuit.

10. The coverage provided by the Policy is subject to the following School or Recreational Facility exclusion found under Section 1, Coverage A:

> **2.  Exclusions**
> This insurance does not apply to:
>
> *     *     *
>
> **p.  School or Recreational Facility**
> "Bodily injury" or "property damage" arising directly or indirectly out of "your work" or "your product" that is performed, provided, incorporated on or into, or connected in any way, with any school, any building(s) utilized as a school, playground, playground equipment, sports field, park, or recreational facility.
>
> For purposes of this exclusion, the word "school" shall include all types and levels of schools, including, but not limited to daycare, pre-school, grade school, junior high, high school, college, and trade schools, trade classes, and/or seminars. For purposes of this exclusion, the word "recreational facility" shall include any facility or areas used for the purpose of fitness, playground, athletics, sports, spa, recreational activities, games, exercise, and/or related instruction.

11. The Underlying Lawsuit specifically alleges that Puresol is a "day spa business" that provides "day spa services such as massage, body, and facial treatments" at the Property. It further alleges that UA negligently provided HVAC work at the Property, resulting in property damage to Puresol's day spa. Because the Policy's School or Recreational Facility exclusion precludes coverage for property damage arising out of the UA's work performed, provided, incorporated on or into, or connected in any way with a spa, and the Underlying Lawsuit arises out of UA's alleged negligent HVAC work in connection with Puresol's "day spa," the Policy's School or Recreational Facility exclusion conclusively bars coverage for the loss claimed in the Underlying Lawsuit. Therefore,

OSIC has no duty to defend or indemnify UA pursuant to the School or Recreational Facility exclusion.

12. By seeking a judicial declaration based upon the School or Recreation Facility exclusion, OSIC does not intend to waive or relinquish any other rights it has under the Policy or at law, including, if necessary, the right to deny the duty to indemnify UA on other grounds based on the facts proven in the Underlying Lawsuit.

## CLAIM FOR DECLARATORY RELIEF

13. A dispute has arisen between OSIC, on the one hand, and UA the other, with respect to whether the claims against UA in the Underlying Lawsuit come within coverage of the general liability policy issued by OSIC to UA.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, OSIC hereby requests that this Court declare the rights and obligations of the parties with respect to such Policy and the Underlying Lawsuit. Specifically, OSIC seeks a declaration that it owes no duty to defend or indemnify UA from the claims against him in the Underlying Lawsuit.

## CONDITIONS PRECEDENT

15. All conditions precedent to OSIC securing such declaratory relief have been performed or have occurred.

## PRAYER FOR RELIEF

16. OSIC hereby prays that this Court declare the rights and liability of the parties to this case, and specifically prays that this Court declare that OSIC owns no duty to defend or indemnify UA from the claims in the Underlying Lawsuit, for recovery of its

attorney's fees and costs, and for such other and further relief to which OSIC shows itself justly entitled.

Respectfully submitted,

By: /s/ *Tracy Jackson Cowart*
Tracy Jackson Cowart
State Bar No. 00789398
**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
tjc@egglestonbriscoe.com
(713) 659-5100 - Tel
(713) 951-9920 - Fax

ATTORNEY FOR PLAINTIFF
OBSIDIAN SPECIALTY INSURANCE
COMPANY, INC.